**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

MICHAEL D. ANDERSON                                             PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:25-CV-802-RGJ

LAWRENCE FARMER et al                                          DEFENDANT

## ORDER

A telephonic scheduling conference was scheduled in this matter for August 7, 2026.

Sarah E. Collins participated on behalf of the plaintiff. Joseph C. Klausing and Brendan R.

Daugherty participated on behalf of the defendants.

Based on the Joint Report of the Parties' Planning Meeting [DE 37], it is hereby

**ORDERED** the following deadlines and conditions shall be observed in this action:

(1)    **Fact Discovery**.

a) Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than
**August 14, 2026**;

b) Pursuant to Rule 34, the following conditions shall apply to discovery of
electronically stored information (ESI): ESI shall be produced in searchable
PDF format unless otherwise agreed on by the parties;

c) Any motion to amend pleadings or motion to join additional parties shall be
filed no later than **April 30, 2027**;

d) The parties are under a continuing duty under Rule 26(e) to supplement their
disclosures and responses whenever reasonably appropriate.

(2)    **Expert Discovery**.

a) Identification of experts in accordance with Rule 26(a)(2) shall be due no later

    i. By Plaintiff:    no later than **August 30, 2027**;

    ii. By Defendants:    no later than **October 29, 2027**;

b) At the time expert reports and supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days shall be provided;

c) All discovery shall be completed by **June 30, 2027**.

(3)    **Dispositive and Expert Motions**. No later than **January 7, 2028**, counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at andrea_morgan@kywd.uscourts.gov, with copies to opposing counsel, that the motions are ripe for decision. Applications for extensions of time will be granted only upon good cause shown.

(4)    **Pretrial Conference**. This matter is assigned for a Pretrial Conference before the trial judge on **July 11, 2028 at 1:30 p.m.** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

a) No later than **twenty-one (21) days before the Pretrial Conference**, counsel shall file:

    i. a list of witnesses in accordance with the Fed. R. Civ. P. 26(a)(3). The witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P.

26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(B). The witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

ii. an exhibit list in accordance with the Fed. R. Civ. P. 26(a)(3). The exhibit list shall include any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements) and shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof;

iii. any appropriate motions *in limine*;

iv. the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**;

v. a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law;

vi.    proposed agreed jury instructions and verdict forms.  Counsel shall exchange drafts of instructions and verdict forms in advance and endeavor to agree; in the absence of agreement, separate instructions and verdict forms shall be filed, by the same deadline, including citation to supporting authorities; and

vii.   proposed *voir dire* questions for the Court's use and a joint statement of the case that may be read to the jury panel during *voir dire*.

b)  **No later than fourteen (14) days before the Pretrial Conference**, the parties shall file:

i.    written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**;

ii.   responses to any other party's motion *in limine*; and

iii.  responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

c)  At the Pretrial Conference, counsel for the parties shall be prepared to:

i.    discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

ii.   disclose any demonstrative or summary exhibits intended for use at trial;

iii.  display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule.  Counsel shall provide the court with a copy of all documentary exhibits. **Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown**;

iv.  discuss the possibility of settlement; and

v.  advise the Court of anticipated technological issues that may arise at trial.

d)  The Pretrial Conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

(5)    **Trial.** This action is hereby set for a jury trial on **August 14, 2028 at 9:30 a.m.** at the Gene Snyder United States Courthouse, Louisville, Kentucky.  Counsel should be present in the courtroom by 9:00 a.m.  The Western District of Kentucky's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info.  Pursuant to Section 5.02 of the Plan, "the names of persons assigned to individual petit jury panels, as well as the contents of their juror qualification questionnaires, may be disclosed to the parties seven days prior to the trial date unless otherwise ordered by the court."

(6)    **Discovery Disputes**. **Motions on discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his or her chambers.** Before filing any discovery motion, all counsel must do two things. First, make a good-faith effort to resolve the dispute. *See* Local Rule 37.1. The Court will not entertain discovery motions unless counsel have conferred or attempted to confer

with opposing counsel or other affected parties. Second, contact the Magistrate Judge to schedule a telephonic conference concerning the discovery dispute counsel have failed to resolve. Counsel shall email Case Manager Ashley Henry at ashley_henry@kywd.uscourts.gov to identify the dispute and schedule the conference, copying all counsel of record. The email should not contain substantive legal arguments or recitations of the underlying facts, and should treat opposing counsel with respect and professional courtesy. **At least 24 hours before the conference, or sooner if directed by Ms. Henry, the parties shall submit via email brief memoranda (limited to 5 pages) outlining the dispute more thoroughly.** If the dispute persists after the telephonic conference with the Magistrate Judge, the moving party may submit a written motion. The motion must certify that, and explain how, counsel have conferred in good faith but remain unable to resolve the dispute.

(7)     **Deadline Extensions. No extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence**. **In the event all parties agree to extend a deadline set in this order, or a deadline contained in the Federal Rules of Civil Procedure, the parties must file a joint motion attaching the agreed order.  This provision shall prevail over Joint Civil Local Rule 7.1 regarding motions to the extent inconsistent therewith.**

(8)     A joint status report shall be filed no later than **November 9, 2026**. The report should provide details regarding the status of discovery, including what discovery has been completed, what discovery remains, any issues that have arisen in discovery, and any efforts to resolve such disputes. The report shall also detail the parties' positions on settlement of the case

and whether they desire a settlement conference be scheduled with the undersigned. The Parties are warned that failure to file a timely joint status report complying with the above requirements could result in the scheduling of show-cause proceedings.

Date: August 7, 2026          **ENTERED BY ORDER OF COURT:**
                              **REGINA S. EDWARDS, MAGISTRATE JUDGE**
                              **UNITED STATES DISTRICT COURT**
                              **JAMES J. VILT, JR., CLERK**
                              **By:** ____/s/ *Ashley Henry*____
                              **Deputy Clerk**

Copies to counsel

0|10